UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis Edward HARRIS, Defendant-
Appellant.

No. 72-1337.

United States Court of Appeals,
Sixth Circuit.

Dec. 27, 1972.

Scott N. Brown, Jr., Chattanooga, Tenn., (Court appointed—CJA), for defendant-appellant.

W. Lloyd Stanley, Jr., Asst. U. S. Atty., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The defendant-appellant was indicted, tried and found guilty by a jury of two violations of the Internal Revenue laws of the United States relating to distilled spirits. This appeal was perfected from the judgment of conviction.

It is herein necessary only to consider one of the contentions made by the defendant-appellant. That contention has to do with the manner in which the jury before whom he was tried had been impaneled.

An evidentiary hearing upon motions to suppress which had been filed by appellant and a codefendant with whom we are not here concerned was scheduled for Tuesday, November 23, 1971. The hearing on that motion was continued until Friday, November 26, which was the date of the trial setting, and which was also the Friday following Thanksgiving. Out of a commendable concern for the veniremen, and particularly so that those not selected to serve on the jury would not be required to return the Friday after Thanksgiving, the District Judge proceeded to have the jury selected on Tuesday, November 23. The issue which we here consider arises from the fact that two members of the jury selected were members of another jury which was at that time in deliberation, but which deliberations were recessed

for the purpose of permitting a voir dire examination to be conducted to determine whether they were qualified to serve in the present case. That procedure, however unusual, might not have been prejudicially erroneous were it not for the additional fact that the attorney for the defendant-appellant was also the attorney for one of the parties in the case which was the subject of consideration by the jury whose deliberations were recessed.

We conclude that a bare recitation of these essential facts reflects a situation which requires a vacation of the judgment. In our view, counsel was placed in an impossible situation, being one in which a conflict of interests was necessarily latently if not actually present, during the jury qualification procedure in the present case. His obligation to his client in the first case dictated a diplomatic and courteous approach to the jurors in question (if indeed that duty did not preclude him from any voir dire examination of them at all), while his obligation to his client in the present case necessitated his conducting whatever voir dire examination was felt needed to determine their suitability to sit in the second case.

The fact that he had presumably examined and been satisfied with these jurors in the other case in no way militates against this conclusion. The first case was a civil action, with different parties and completely different issues involved. The fact that counsel had found the individuals in question to be suitable jurors in that action is no basis for concluding that he would be equally satisfied with their services in this criminal action. Many questions pertinent to the second determination but not to the first come readily to mind, and many of them could conceivably if not probably alienate the individuals involved.

One other member of the civil case jury was tentatively seated in the present case but excused, and to further aggravate the situation, all remaining members of the civil case jury were in the courtroom during the entire qualification procedure, and had any juror tentatively seated been excused he would have been replaced from the members of that panel. Thus in undertaking any searching and perhaps necessarily querulous voir dire examination of the tentative jurors, counsel would have risked alienating all or some of the jurors whose deliberations had already begun. Thus counsel who was with entire propriety serving two masters at least potentially faced a situation requiring him to perform a disservice to one of them.

Timely objections to the procedure followed were made both by Scott N. Brown, Jr., counsel for the defendant-appellant in the District Court and here, and by counsel for a codefendant. The latter attorney made this statement in presenting his objection: "I object to having to select jurors from juries that are trying cases now and juries that are deliberating in cases now particularly a jury that is deliberating on a case of my cocounsel, Mr. Brown, tried. I think this limits his effectiveness in voir diring the jury and in presenting—its just, I think, a violation of due process of law to be expected to choose jurors from juries that are presently sitting, especially when one of cocounsel that has tried a case before that jury. I have no idea how he tried that case, whether he did anything to irritate this jury that might go over into the trial of my case." Mr. Brown then made this statement, the meaning of which seems clear even though there is obvious error in the transcription: ". . . I must join in the objection that [has just been] made in that a member of the jury to have been selected to have been made available and therefore select of necessity have been jurors from the panel that is presently deliberating in a case which I tried today." The District Judge overruled the objections, and trial was entered into.

As hereinabove indicated, we conclude that no showing of actual prejudice need be made in the circumstances disclosed by this record. Unless the jury system

is to be rendered meaningless and public confidence in that time honored institution destroyed, every step of the jury selection process must remain sacrosanct and inviolable. That procedure ceases to be hallowed and unimpeachable when, as in the present case, any taint enters the record, and clearly the conflict of interest situation into which defense counsel was forced constitutes such taint.

This conclusion makes it unnecessary to consider the other contentions presented on appeal, and the judgment will be reversed and the cause remanded for a new trial.